IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

<table>
<tr><td>OWEN M. GUY MANVILLE, III; and<br>HELEN I. MANVILLE,,<br><br>            Plaintiffs,<br><br>       v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION;<br>COUNTRYWIDE HOME LOANS, INC.;<br>COUNTRYWIDE BANK; JOSE M.<br>DELGADILLO; RECONTRUST COMPANY,<br>N.A.; and DOES 1-20 inclusive,<br><br>            Defendants.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>2:08-cv-1931-GEB-DAD<br><br>TEMPORARY RESTRAINING ORDER</td></tr>
</table>

On August 18, 2008, Plaintiffs filed  an application for a temporary restraining order ("TRO") "against all defendants in regards to the planned foreclosure, auction and sale of the property located at 12211 Sierra Drive, City of Truckee, County of Nevada, State of California [and] against all defendants attempting to collect any

money from plaintiffs on the residential mortgage that is the subject
of this lawsuit including, but not limited to, sending any information
regarding plaintiffs to any collection agency for purposes of
collection, contacting plaintiffs about any debt or issuing any notice
to any collection or credit agency regarding plaintiffs." (Mot. at
10:7-15.)  Plaintiff also seeks "a preliminary injunction enjoining
and barring the above actions by defendants to remain in place until
the termination of this litigation." (Id. at 10:16-19.)  For the
following reasons, the TRO application is granted in part and denied
in part.

<u>BACKGROUND</u>

On August 18, 2006, Plaintiffs entered into a home loan
agreement with Defendant Countrywide Home Loans, Inc. ("Countrywide"),
refinancing their home.  Plaintiffs allege, *inter alia*, that this loan
constituted predatory lending, was fraudulent, and was inaccurately
and untimely described to them in violation of the Truth in Lending
Act ("TILA") and the Real Estate Settlement Procedure Act ("RESPA").
A year later, Plaintiffs fell behind on their payments and in
September of 2007 Plaintiffs allege they agreed to a loan modification
with Countrywide, a "loan workout."  Plaintiffs submitted a letter
from Countrywide dated October 15, 2007 stating their "loan
modification has been approved.  In order for the modification to be
valid, both sets of enclosed documents need to be signed, notarized
and returned with the requested certified funds" in the amount of
$2,527.00.  (Compl., Ex. I at 1.)  Plaintiffs allege the first set of
documents sent, however, had the wrong names for the borrowers, but
that a second set was accurate.  On October 23, 2007, Plaintiffs sent
Countrywide a cashier's check for $2,527.00 and Plaintiffs filed

evidence that Countrywide cashed the check on Nov. 2, 2007.  (Compl., Ex. K.)

Plaintiffs allege that Countrywide then stopped sending them mortgage statements and did not return Plaintiffs' attempts to contact Countrywide.  Plaintiffs further allege that in December of 2007, Countrywide sent them a new loan modification agreement that they had not agreed to and that did not refer to the previous agreement.  The new agreement now required a payment of $5,224.00.  Plaintiffs allege that after contacting Countrywide, Countrywide told Plaintiffs that they had never sent the check or paperwork on the first loan modification.  Plaintiffs produced proof of the check and Countrywide then told them that the paper work they submitted was inaccurate and had to be re-signed.  Plaintiffs allege that the new paperwork sent by Countrywide in December again had the wrong names.  Plaintiffs further allege that on January 9, 2008, they talked on the phone with a Countrywide employee who said she would look into the matter but Plaintiffs did not hear from her again.

On April 30, 2008, Recontrust Company sent Plaintiffs a notice of foreclosure trustee's sale informing Plaintiffs that their property would be sold August 21, 2008.  (Compl. Att. 10.)  Plaintiffs allege their subsequent call to Countrywide was not returned.  On June 30, 2008, Plaintiffs' attorney contacted Countrywide asking it to stay the foreclosure sale because the parties had executed a loan workout and because the original loan violated TILA.  On July 23, 2008, Countywide sent a response, received July 25, stating the loan did not violate TILA and therefore it would not rescind the loan.  Plaintiffs allege that Countrywide breached the mortgage and loan modification contracts by instituting foreclosure and not reinstating their loan.

1    On August 18, 2008 Plaintiffs filed a Complaint and the TRO
2    at issue in this action.  Plaintiffs' attorney declares he gave notice
3    to Defendants by leaving a voice mail with the Countrywide employee
4    who sent the July 23 letter and by faxing Recontrust at the fax number
5    listed on the foreclosure notice.  No Defendant appeared or filed an
6    opposition.

7                            TRO STANDARD

8    To obtain a TRO, Plaintiffs must demonstrate "either: (1) a
9    combination of probable success on the merits and the possibility of
10   irreparable harm; or (2) that serious questions are raised and the
11   balance of hardships tips in its favor."   A & M Records, Inc. v.
12   Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001).  "These two
13   formulations represent two points on a sliding scale in which the
14   required degree of irreparable harm increases as the probability of
15   success decreases."  Id.  "The court may issue a temporary restraining
16   order without written or oral notice to the adverse party or its
17   attorney only if: (A) specific facts in an affidavit or a verified
18   complaint clearly show that immediate and irreparable injury, loss, or
19   damage will result to the movant before the adverse party can be heard
20   in opposition . . . ."  Rule of Civ. Pro. 65(b)(1).  "Should the Court
21   find that the applicant unduly delayed in seeking injunctive relief,
22   the Court may conclude that the delay . . . contradicts the
23   applicant's allegations of irreparable injury and may deny the motion
24   solely on [that] ground."  L.R. 65-231.

25                            ANALSYSIS

26   Plaintiffs have shown immediate and irreparable harm will
27   result if a TRO does not issue.  Plaintiffs' home is scheduled to be
28   sold at a foreclosure sale tomorrow, August 21, 2008.  This loss is

irreparable because residential property is unique and its loss cannot be compensated for with monetary damages.  See Jessen v. Keystone Savings & Loan Ass'n, 142 Cal. App. 3d 454, 457-58 (1983) (finding property was not unique because it was commercial property that the plaintiff did not plan to reside in or to use).  In addition, serious questions are raised with regards to the success of Plaintiffs' breach of contract claim and the balance of hardships tips in Plaintiffs' favor since the TRO will only delay the foreclosure sale ten days before Defendants can be heard in opposition on Plaintiffs' motion for a preliminary injunction.  However, since Plaintiffs' request for a TRO "against all defendants attempting to collect any money from plaintiffs on the residential mortgage that is the subject of this lawsuit" does not establish irreparable harm, this portion of Plaintiffs' request will be denied.  Accordingly, the following TRO issues:

**Each Defendant is enjoined from disposing of the property located at 12211 Sierra Drive, Truckee, California 96161, and specifically from disposing the of the property under a trustee's sale or auction.**

**This TRO expires at 11:00 p.m. on September 4, 2008.**

Bond is set at $5,000.00.  **Plaintiffs shall deposit $5,000.00 security with the Clerk of the Court no later than 12:00 noon on August 21, 2008** to pay the costs and damages sustained by any party found to have been wrongfully enjoined.

**Plaintiffs shall notify each Defendant of this Order in the most effective means to give them notice as soon as possible.** Plaintiffs shall also serve this Order on Defendants.

1      **Each Defendant is hereby notified of the right to appear and**

2 **move for modification or dissolution of this order on two court days**

3 **notice.**

4      A hearing for preliminary injunction is hereby set for

5 September 4, 2008 at 9:00 a.m. in courtroom 10.  Defendants shall file

6 responsive papers by August 28, 2008 at 9:00 a.m.  If Plaintiffs

7 desire to file a Reply, they shall file it by 9:00 a.m. on September

8 2, 2008.

9      IT IS SO ORDERED.

10 Dated:  August 20, 2008

11 at 4:00 p.m.

12                                GARLAND E. BURRELL, JR.

13                                United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28