LAW OFFICES OF
MICHAEL W. JANSEN
State Bar No. 81994
1301 College Street
Woodland, CA 95695
(530) 668-7600

Attorney for Plaintiffs,
OWEN M. GUY MANVILLE, III,
and HELEN I. MANVILLE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN M. GUY MANVILLE, III, and HELEN I. MANVILLE,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE BANK, JOSEPH M. DELGADILLO, and RECONTRUST COMPANY, N.A., and DOES 1-20 inclusive,<br><br>Defendants. | Case No.:  08-CV-01931-GEB-DAD<br><br>**STIPULATION FOR RETURN OF BO[ND] AND ORDER**<br><br>Dept 10:<br>Judge: Garland E. Burrell, Jr.<br>Complaint Date: August 18, 2008<br>Trial Date: None Set |

1.  This Stipulation is entered into between plaintiffs Owen M. Guy Manville, III and Helen I. Manville ("Manville") and defendants Countrywide Home Loans, Inc., Countrywide Financial Corp., Countrywide Bank, and ReconTrust Company, N.A. ("Countrywide").

2.  On or about August 18, 2008, Manville filed a Motion for Temporary Restraining Order (hereinafter TRO) seeking to enjoin Defendants from proceeding with a foreclosure sale of Manville's real property located at 12211 Sierra Drive, Truckee, California ("subject property"),

1  which had been scheduled to take place on August 21, 2008.

2      3.    On August 20, 2008, this Court granted Manville's motion and issued a TRO enjoining Countrywide from disposing of the subject property. The TRO required that Manville post a $5,000 bond no later than August 21, 2008.  Manville did post a $5,000 bond with the Court. Per stipulation, the parties agreed that the injunction prohibiting Countrywide from disposing of the subject property would be extended until October 6, 2008, at which time it lapsed.

    4.    There has been no finding that Countrywide was wrongfully restrained by the TRO issued on August 20, 2008. Countrywide has not wrongfully incurred costs and/or suffered any damages as a result of the TRO issued by the Court. The bond has not been returned to Manville by the Court.

    5.    Accordingly, the parties agree that Manville's bond in the amount of $5,000 should be returned to Manville because Countrywide was not wrongfully restrained by the TRO within the meaning of Federal Rule of Civil Procedure 65(c).

IT IS SO STIPULATED.

DATED: December ____, 2008        LAW OFFICES OF MICHAEL W. JANSEN

By:_____
Michael W. Jansen, Attorney for Plaintiffs
OWEN M. GUY MANVILLE, III,
and HELEN I. MANVILLE

DATED: December ____, 2008        SEVERSON & WERSON
A Professional Corporation

By:_____
Patricia L. McClaran, Attorneys for Defendants
COUNTRYWIDE FINANCIAL CORPORATION,
COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE BANK and RECONTRUST
COMPANY, N.A.

1  GOOD CAUSE APPEARING upon the stipulation of counsel attached hereto,

2  IT IS HEREBY ORDERED that the $5,000 bond filed and deposited with the United States

3  District Court by OWEN M. GUY MANVILLE, III and HELEN I MANVILLE in this matter may

4  and shall be returned to plaintiff's counsel forthwith.

6  DATED: 12/2/08

   GARLAND E. BURRELL, JR.
   United States District Court Judge